IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WILLIAM SNYDER, et al.** | : |
| | : |
| v. | : Civil No. L-02-415 |
| | : |
| **CHESTER COUNTY MUTUAL** | : |
| **INSURANCE CO., et al.** | : |

### ORDER

Now pending before the Court is Defendants' Motion for Summary Judgment. For the reasons stated herein, the Court hereby DENIES Defendants' Motion for Summary Judgment without prejudice to refiling at the close of discovery.

I. **Facts**:

Plaintiffs William and Mary Lou Snyder are holders of a homeowner's insurance policy provided by Defendants Chester County Mutual Insurance Company and Cumberland Insurance Company. In April 2001, Plaintiffs' home in Earlsville, Maryland was burglarized. They subsequently filed an insurance claim with Defendants for $128,014.64 to cover their losses. In connection with the investigation of Plaintiffs' claim, Defendants requested various documents evidencing proof of loss and financial status. Plaintiffs provided some of the requested documents, but did not provide certain financial documents on the grounds that they did not possess the documents and they believed the requests were unreasonable. Defendants made payments to Plaintiffs of $2,500.00 for the loss of prescription drug medications and $800.00 for dry cleaning costs.

On January 14, 2002, Plaintiffs filed suit against Defendants in the Circuit Court for Baltimore City, alleging breach of contract, bad faith, torts arising from breach of contract, and



constructive fraud, arising out of Defendants' failure to pay their claim. On January 30, 2002, Defendant Cumberland Insurance Group notified Plaintiffs that it was denying their claim on the grounds that they had failed to provide the requisite documents. On February 8, 2002, Defendants removed the case pursuant to 28 U.S.C. §1332. On February 26, 2002, prior to the commencement of discovery, Defendants filed this Motion for Summary Judgment.

II.     **Summary Judgment Standard**:

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial.). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

III     **Discussion**:

A. **Breach of contract claim**:

Plaintiffs' homeowner's insurance policy provides:

> **Your Duties After Loss**. In case of a loss to covered property, you must see that the following are done:
> . . .
>
> > f. As often as we [Chester County Mutual] reasonably require:
> > . . .

> (2) Provide us with records and documents we
> request and permit us to make copies.

Defendants' Answer, Exhibit A. Defendants contend that under this provision of the policy, Plaintiffs' failure to provide them with certain financial documents was a material breach of their obligations under the policy. Accordingly, Defendants argue, they were excused from making payments on Plaintiffs' claim.

In support of this argument, Defendants cite to numerous cases holding that "the financial condition of the claimant is a proper subject of post-loss examination by insurance companies." See, e.g., Powell v. United States Fidelity & Guar. Co., 855 F. Supp. 858, 860 (E.D. Va. 1994), aff'd, 88 F.3d 271 (4th Cir. 1996) (granting summary judgment to insurer where insured failed to provide requested documents or answer questions regarding financial condition); Templin v. Grange Mut. Cas. Co., 611 N.E.2d 944 (Ohio Ct. App. 1992) (summary judgment to insurer not appropriate where insured provided most of the requested financial documents).

Plaintiffs counter that there is a dispute of material fact over whether the insurers breached the contract by making <u>unreasonable</u> requests for financial documents. Additionally, Plaintiffs argue that most of the cases cited by Defendants are distinguishable because they dealt with claims arising out of arson where the claimants, themselves, were suspected of causing their own loss, which is not the case here.

The Court concludes that an inadequate factual record exists for determining whether Defendants' requests for certain financial documents were unreasonable. Accordingly, with respect to Count I, the Motion for Summary Judgment is DENIED without prejudice to refiling at the close of discovery.

B. **Counts II-IV**:

Defendants also move for summary judgment on Counts II-IV on the grounds that Maryland courts do not permit the tort claims alleged by Plaintiffs in first-party insurance cases. Because the counts relate directly to the common facts underpinning the breach of contract count, it would not save significant time or resources to dismiss Counts II-IV while allowing the breach of contract count to proceed. This is especially true given that discovery was scheduled to close on August 1, 2002, with dispositive pretrial motions due by August 29, 2002. Accordingly, with respect to Counts II-IV, the Motion for Summary Judgment is DENIED without prejudice.

It is so ORDERED this 12th day of August, 2002.

                                                              _____
                                                              Benson Everett Legg
                                                             United States District Judge